**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

TERESITA A. CANUTO,                )
                                   )
                Plaintiff,         )
                                   )
        v.                         )  Civil Action No. 16-2282 (EGS)
                                   )
JAMES MATTIS, Secretary of         )
Defense, *et al.*,                 )
                                   )
                Defendants.        )

---

<u>**MEMORANDUM OPINION AND ORDER**</u>

Teresita Canuto, proceeding *pro se*, filed a second amended complaint against two United States Army officers and various senior federal officials (collectively "federal defendants") and private entities Woodman-Sylvan Properties, Inc. ("Woodman-Sylvan"), Cirrus Asset Management, Inc. ("Cirrus"), and Bank of America, N.A. ("Bank of America"). The allegations within Ms. Canuto's ninety-page second amended complaint are identical to those in her first amended complaint:[1] that members of the United

---

[1] The Court dismissed several of Ms. Canuto's claims in *Canuto v. Mattis*, 273 F. Supp. 3d 127 (D.D.C. 2017). Ms. Canuto has also filed a series of lawsuits based on nearly identical factual allegations in the United States Court of Federal Claims. Each of those complaints were dismissed. *See Canuto v. United States*, No. 15-410C, 2015 WL 1926375 (Fed. Cl. Apr. 27, 2015); *Canuto v. United States*, No. 15-821C, 2015 WL 8481577 (Fed. Cl. Dec. 9, 2015); *Canuto v. United States*, No. 16-414C, 2016 WL 8710473 (Fed. Cl. May 4, 2016). The United States Court of Appeals for the Federal Circuit affirmed each of those dismissals. *See Canuto v. United States*, 615 F. App'x 951 (Fed. Cir. 2015); *Canuto v. United States*, 651 F. App'x 996 (Fed. Cir. 2016) (per

States armed forces sexually assaulted her on a number of occasions after infiltrating her home and using sleeping gas to render her unconscious. She asserts various constitutional, federal statutory, and common law claims.

Pending before the Court are (1) Cirrus' motion to dismiss, *see* ECF No. 43; (2) Bank of America's motion to dismiss, *see* ECF No. 44; (3) Woodman-Sylvan's motion to dismiss, *see* ECF No. 49; and (4) the federal defendants' motion to dismiss, *see* ECF No. 66. Upon consideration of these motions, the responses and replies thereto, the relevant law, and the entire record, the Court **GRANTS** Cirrus' motion, **GRANTS IN PART** Bank of America's motion, **GRANTS** Woodman-Sylvan's motion, and **GRANTS** the federal defendants' motion.[2] Ms. Canuto's second amended complaint is **DISMISSED.**

## I. Background

### A. Factual Background

The allegations in Ms. Canuto's second amended complaint are undisputedly identical to those in her first amended complaint. *Compare* First Am. Compl., ECF No. 10 *with* Second Am.

---

curiam); *Canuto v. United States*, 673 F. App'x 982 (Fed. Cir. 2016) (per curiam).

[2] Ms. Canuto filed several unopposed motions for leave to file supplemental responses. Because Ms. Canuto is *pro se*, the Court considered every document she filed. Thus, the Court **GRANTS** (1) motion for leave to file supplemental evidence, ECF No. 47; and (2) motion for leave to file supplemental response, ECF No. 54.

Compl., ECF No. 42; *see also* Pl.'s Suppl. to Second Am. Compl.,

ECF No. 60 at 1-2[3] (explaining that the "only difference" between

the complaints is "the name of public officials sued in their

official capacity who ceased to hold office [who have been]

substituted with their successors").[4] Because the complaints

allege the same facts, the Court herein incorporates the facts

articulated in *Canuto v. Mattis*, 273 F. Supp. 3d 127 (D.D.C.

2017). *See* Mem. Op., ECF No. 38 at 3-5.

        To briefly summarize, Ms. Canuto alleges that members of

the United States armed forces, assisted by "illegal foreigners"

and other civilians acting under the direction of senior

military officers and federal officials, sexually assaulted her

on numerous occasions beginning in October 2014. *See id.* at 3.

She alleges that the assaults were first perpetrated in her

Panorama City, California apartment, which was managed by

Woodman-Sylvan. *See id.* In July 2016, Ms. Canuto moved to a

Northridge, California apartment building managed by Cirrus,

where she alleges that the assaults continued to occur. *See id.*

at 3-4. Finally, Ms. Canuto contends that important documents

---

[3] When citing electronic filings throughout this opinion, the
Court cites to the ECF page number, not the page number of the
filed document.
[4] In addition to changing the names of the federal defendants,
Ms. Canuto sued Woodman-Sylvan, as the Court granted her leave
to do. *See* Order, ECF No. 37; Mem. Op., ECF No. 38 at 5-9
(finding that Ms. Canuto was clearly attempting to sue Woodman-
Sylvan despite naming a different company as defendant).

and records were stolen from her Bank of America safe deposit box located in Panorama City, California in 2009. *See id.* at 4.

Based on these factual allegations, Ms. Canuto alleges that the defendants have violated her due process and equal protection rights. She also asserts various state common law claims. *See* Second Am. Compl., ECF No. 42 at 6, 16-18.

## B. Procedural Background

Because Ms. Canuto brings identical claims in her second amended complaint, it is worth discussing the Court's August 10, 2017 decision dismissing most of Ms. Canuto's first amended complaint. *See* Order, ECF No. 37; Mem. Op., ECF No. 38.

In her first amended complaint, Ms. Canuto sued DePauw HK Property Management ("DePauw") instead of Woodman-Sylvan. *See* First Am. Compl., ECF No. 10. DePauw argued that it was not capable of being sued and, in any event, it had received improper service. The Court found that Ms. Canuto had clearly intended to sue Woodman-Sylvan, not Depauw, and allowed Ms. Canuto to amend her complaint to replace DePauw with Woodman-Sylvan. Mem. Op., ECF No. 38 at 5-9, 16; *see also* Order, ECF No. 37. Ms. Canuto named Woodman-Sylvan as defendant in her second amended complaint. *See* Second Am. Compl., ECF No. 42.

Cirrus also filed a motion to dismiss, arguing that the Court lacked personal jurisdiction over it. The Court agreed and

granted Cirrus' motion, dismissing Ms. Canuto's claims without prejudice. *See* Mem. Op., ECF No. 38 at 17-23; Order, ECF No. 37.

Bank of America filed a motion to dismiss as well, arguing that the claims against it were barred by the applicable statutes of limitations. The Court granted the motion and dismissed the claims against Bank of America with prejudice. *See* Mem. Op., ECF No. 38 at 23-33; Order, ECF No. 37.

Although Ms. Canuto had also sued the federal defendants in her first amended complaint, *see* First Am. Compl., ECF No. 10, she had not served them, *see* Mem. Op., ECF No. 38 at 2 n.3. The Court dismissed the claims against the federal defendants without prejudice, *see* Mem. Op., ECF No. 38 at 2 n.3, and directed Ms. Canuto to file proof of service by a date certain, *see* Service Order, ECF No. 39.

Ms. Canuto filed her second amended complaint on August 22, 2017. *See* Second Am. Compl., ECF No. 42.

## II. Analysis

When, as here, a plaintiff is proceeding *pro se*, her complaint must be "liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)(citations omitted). Construing Ms. Canuto's second amended complaint liberally, the Court concludes that it must be dismissed.

**A. Cirrus' Motion to Dismiss**

Cirrus argues that Ms. Canuto's claims against it should be dismissed because the second amended complaint does not contain any facts that alter the Court's previous ruling that it lacked personal jurisdiction over the company. *See* Cirrus' Mot., ECF No. 43. The Court agrees.

The Court dismissed Ms. Canuto's original claims against Cirrus without prejudice.[5] *See* Mem. Op., ECF. No. 38 at 17-23. Ms. Canuto does not allege any new facts in her second amended complaint such that the Court could find that it has "either general or specific [personal] jurisdiction under the relevant District of Columbia statutes." *Bradley v. DeWine*, 55 F. Supp. 3d 31, 39 (D.D.C. 2014). Because the facts alleged against Cirrus in the second amendment complaint are, as Ms. Canuto herself explains, the "same" as those already considered, *see* Pl.'s Suppl. to Second Am. Compl., ECF No. 60, the Court herein incorporates its extensive personal jurisdiction analysis in the 2017 Memorandum Opinion. *See* Mem. Op., ECF. No. 38 at 17-23.

Ms. Canuto argues that the Court has personal jurisdiction over Cirrus because it "exercises sufficient control over its subsidiaries." Pl.'s Opp'n (Cirrus), ECF No. 52 at 10. However,

---

[5] *See Havens v. Mabus*, 759 F.3d 91, 98 (D.C. Cir. 2014) (concluding that a dismissal for lack of jurisdiction is not an adjudication on the merits) (citing Fed. R. Civ. P. 41(b)).

Ms. Canuto does not proffer any facts about Cirrus' alleged "subsidiaries." *See id.* As such, the Court has no basis to find that it has personal jurisdiction over these unknown entities. Indeed, it is not accurate that Cirrus' contacts "bear no relation to [Ms. Canuto's] suit." *Id.* The Court cannot hear a claim against a particular defendant unless that defendant has sufficient "minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Ms. Canuto has not met her burden to establish a factual basis for personal jurisdiction. Mem. Op., ECF No. 38 at 17 (citing *Okolie v. Future Servs. Gen. Trading & Contracting Co., W.L.L.*, 102 F. Supp. 3d 172, 175 (D.D.C. 2015)). Thus, the Court **GRANTS** Cirrus' motion to dismiss.

**B. Bank of America's Motion to Dismiss**

Similarly, Bank of America argues that Ms. Canuto's claims against it should be dismissed because the second amended complaint "contains the same factual allegations and claims against Bank of America" that were dismissed with prejudice in August 2017. Bank of America's Mot., ECF No. 44 at 2. Again, the Court agrees.

Because the facts alleged against Bank of America in the second amendment complaint are, as Ms. Canuto explains, the "same" as those already considered, *see* Pl.'s Suppl. to Second

Am. Compl., ECF No. 60, the Court herein incorporates its extensive statutes of limitations analysis in the 2017 Memorandum Opinion. *See* Mem. Op., ECF. No. 38 at 23-33; *see also Canuto v. Dep't of Defense*, Civ No. 17-cv-979, 2017 WL 6886186 at *1-2 (D.D.C. Oct. 13, 2017), *aff'd* 723 Fed. Appx. 6 (D.C. Cir. April 27, 2018)(finding that Ms. Canuto's similar claims against Bank of America were barred by res judicata in light of the Court's August 2017 *Canuto v. Mattis* Memorandum Opinion).

Ms. Canuto does not respond to Bank of America's arguments. Pl.'s Opp'ns (Bank of America), ECF Nos. 50, 51; *see also* Pl.'s Suppl. Opp'ns, ECF Nos. 55, 62. Instead, her twelve-page opposition memorandum discusses Section 5 of the Federal Trade Commission Act ("the Act"), which "prohibits entities from engaging in unfair or deceptive acts or practices in interstate commerce." Pl.'s Opp'n (Bank of America), ECF No. 50 at 1. The Act is irrelevant to whether Ms. Canuto's claims are time-barred. *See* Mem. Op., ECF No. 38. Because the Court already dismissed Ms. Canuto's identical claims against Bank of America, the Court **GRANTS IN PART** Bank of America's motion to dismiss.

Bank of America also asks the Court to find that Ms. Canuto is a "vexatious litigant," who should be enjoined from filing new claims without leave of court. Bank of America's Mot., ECF No. 44 at 2-4. Bank of America points to the fact that, within two weeks of the Court's August 2017 Memorandum Opinion, Ms. Canuto filed

the same claims against Bank of America in *Canuto v. Department of Defense*, Civ. Case No. 17-979. *Id.* In response, Ms. Canuto argues that she has a "constitutional right to sue." Pl.'s Suppl. Opp'n, ECF No. 55 at 8.

Ms. Canuto may not bombard the courts with frivolous and vexatious litigation. Federal Rule of Civil Procedure 11 states that "an attorney or unrepresented party" must perform a reasonable inquiry into the legal viability and factual accuracy of a pleading or written motion before filing it with the court. Fed. R. Civ. P. 11(b). The rule authorizes a court to sanction "an attorney, law firm, or party" who violates the rule, making clear that "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct." Fed. R. Civ. P. 11(c); *see also Crawford-El v. Britton*, 523 U.S. 574, 600 (1998) ("Rule 11 ... authorizes sanctions for the filing of papers that are frivolous, lacking in factual support, or presented for any improper purpose, such as to harass.") (quotations omitted)).

There is "no question" that a Court can impose sanctions or a pre-filing injunction, as Bank of America requests, in order to "protect the integrity of the courts and the orderly and expeditious administration of justice." *Stankevich v. Kaplan*, 156 F. Supp. 3d 86, 98 (D.D.C. 2016)(quoting *Kaempfer v. Brown*, 872 F.2d 496, 496 (D.C. Cir. 1989)). However, such action

"'should remain very much the exception to the general rule,'"
and "'the use of such measures against' pro se plaintiffs
'should be approached with particular caution.'" *Smith v.
Scalia*, 44 F. Supp. 3d 28, 46 (D.D.C. 2014) (quoting *In re
Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)).

The Court declines to sanction Ms. Canuto by issuing a
prefiling injunction because she "is a pro se litigant . . .
[who has] yet to receive a formal declaration that [her] claims
are frivolous." *Stankevich*, 156 F. Supp. 3d at 98. However, Ms.
Canuto is emphatically reminded that she had a full and fair
opportunity to litigate her claims against Bank of America. She
is admonished that she is not entitled to a second bite at the
apple. Indeed, a court may choose to impose sanctions for her
conduct in the future.

## C. Woodman-Sylvan's Motion to Dismiss

Woodman-Sylvan moves to dismiss the claims against it for
lack of personal jurisdiction pursuant to Federal Rule of Civil
Procedure 12(b)(2) and for failure to state a claim pursuant to
Rule 12(b)(6). *See* Woodman-Sylvan Mot., ECF No. 49. The Court
concludes—as it did with Cirrus, another California-based
property management company with no ties to the District—that it
lacks personal jurisdiction over Woodman-Sylvan. Because the
Court lacks jurisdiction, it need not resolve Woodman-Sylvan's
Rule 12(b)(6) arguments.

Under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for personal jurisdiction. *Okolie*, 102 F. Supp. 3d at 175 (citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990)). To meet that burden, the plaintiff "'must allege specific acts connecting [the] defendant with the forum.'" *Id.* (quoting *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)). When making a personal jurisdiction determination, a court need not treat all of the plaintiff's allegations as true. *Bricklayers & Trowel Trades Int'l Pension Fund v. Valley Concrete, Inc.*, Civ. No. 16-1684, 2017 WL 2455028, at *2 (D.D.C. June 6, 2017). Instead, the court may "receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Jin v. Ministry of State Sec.*, 335 F. Supp. 2d 72, 77 (D.D.C. 2004).

Assessing whether a court may exercise personal jurisdiction over a defendant "typically implicates a state's jurisdictional statute or rule." *Alkanani v. Aegis Def. Servs., LLC*, 976 F. Supp. 2d 13, 21 (D.D.C. 2014) (internal quotations and alterations omitted). Therefore, this Court has personal jurisdiction over Woodman-Sylvan only if a District of Columbia court could exercise personal jurisdiction over it. *See* Fed. R. Civ. P. 4(k)(1)(A); *see also Daimler AG v. Bauman*, 571 U.S. 117,

125 (2014)("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.").[6]

"Two requirements must be met for a District of Columbia court to exercise personal jurisdiction over a defendant." *Bradley v. DeWine*, 55 F. Supp. 3d 31, 39 (D.D.C. 2014). "First, the defendant must qualify for either general or specific jurisdiction under the relevant District of Columbia statutes." *Id.* "Second, the exercise of jurisdiction over the defendant must comply with the Due Process Clause . . . ." *Id.* at 39-40.

## 1. General Jurisdiction

There are two District of Columbia statutes that confer general jurisdiction. *King v. Caliber Home Loans, Inc.*, 210 F. Supp. 3d 130, 136 (D.D.C. 2016). One, D.C. Code § 13-422, states that a "District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the

---

[6] To the extent that Ms. Canuto means to assert federal statutory claims against Woodman-Sylvan, *see* Second Am. Compl., ECF No. 42 at 6, 14, 21, none of the statutes that she cites contemplate nationwide service of process. *See Locke v. FedEx Freight, Inc.*, No. 12-708, 2012 WL 7783085, at *4 (D. Colo. Aug. 31, 2012) (explaining that 42 U.S.C. § 1981 and 42 U.S.C. § 1983 do not confer nationwide service of process); *cf. McCray v. Holder*, 391 F. App'x 887, 888 (D.C. Cir. 2010) (per curiam) (explaining that there is no private right of action under 18 U.S.C. § 242). Accordingly, this Court's exercise of personal jurisdiction is not "authorized by a federal statute," *see* Fed. R. Civ. P. 4(k)(1)(C), and instead is limited to the exercise of personal jurisdiction of a court of general jurisdiction in the District of Columbia, *see* Fed. R. Civ. P. 4(k)(1)(A).

laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim of relief."

Ms. Canuto has not alleged any facts that could satisfy any of these criteria. *See generally* Second Am. Compl., ECF No. 42; Pl.'s Opp.'n (Woodman-Sylvan), ECF No. 53. Indeed, Ms. Canuto states that Woodman-Sylvan is located in Studio City, California. *See* Second Am. Compl., ECF No. 42 at 14. Accordingly, the Court is unable to exercise general jurisdiction over Woodman-Sylvan pursuant to § 13-422.

The other general jurisdiction statute, D.C. Code § 13-334, permits the exercise of personal jurisdiction over "a foreign corporation doing business in the District." The reach of this "doing business" provision is co-extensive with the reach of general jurisdiction under the due process clause. *Day v. Cornèr Bank (Overseas) Ltd.*, 789 F. Supp. 2d 150, 156 (D.D.C. 2011). Thus, this Court can exercise "doing business" general jurisdiction over Woodman-Sylvan only if its contacts with the District of Columbia "are so 'continuous and systematic' as to render [it] essentially at home" in the District. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The Court cannot exercise "doing business" general jurisdiction over Woodman-Sylvan because Ms. Canuto has not alleged that it has had *any* contacts with the District of Columbia, let alone continuous and systematic contacts. *See generally* Second Am.

Compl., ECF No. 42; Pl.'s Opp.'n (Woodman-Sylvan), ECF No. 53.
Accordingly, the Court is unable to exercise general
jurisdiction over Woodman-Sylvan pursuant to D.C. Code § 13-334.

Ms. Canuto argues that the Court has personal jurisdiction
because Woodman-Sylvan "exercises sufficient control over its
subsidiaries." Pl.'s Opp.'n (Woodman-Sylvan), ECF No. 53 at 10.
However, Ms. Canuto does not proffer any facts about Woodman-Sylvan's
alleged "subsidiaries" such that the Court could find
that it has personal jurisdiction over these unknown entities.
*See id.* Therefore, Ms. Canuto has not met her burden to allege
facts connecting Woodman-Sylvan to the forum.

### 2. Specific Jurisdiction

D.C. Code § 13-423 authorizes the exercise of specific
jurisdiction under certain enumerated circumstances, including
when an entity transacts any business in the District; contracts
to supply services in the District; causes tortious injury in the
District; or has an interest in, uses, or possesses real property
in the District. D.C. Code § 13-423(a)(1)-(5). As explained
above, Ms. Canuto has not alleged that Woodman-Sylvan has had *any*
contacts with the District of Columbia. *See generally* Second Am.
Compl., ECF No. 42; Pl.'s Opp'n (Woodman-Sylvan), ECF No. 53. She
has also not alleged that her injuries occurred here; the alleged
attacks and property damage all occurred in California. *See*

Second Am. Compl., ECF No. 42 at 14. Therefore, Ms. Canuto "has not shown that [her] claims 'aris[e] from acts enumerated in' the District's long-arm statute or that the exercise of jurisdiction would satisfy due process." *Capital Bank Int'l Ltd. v. Citigroup, Inc.*, 276 F. Supp. 2d 72, 77 (D.D.C. 2003) (citing D.C. Code § 13-423(b)); *Gorman v. Ameritrade Corp.*, 293 F.3d 506, 509-10 (D.C. Cir. 2002)).

Ms. Canuto argues that the Court has jurisdiction over Woodman-Sylvan because it committed fraud in the District. *See* Pl.'s Suppl. Opp'n, ECF No. 55 at ¶ 15. She alleges that Ms. Emmelene Pabelo lied to the Court in her declaration on behalf of DePauw. *See id.* (referring to Pabelo Decl., ECF No. 5-2). While the Court ultimately disagreed with Ms. Pabelo's assertions regarding DePauw's ability to be sued, it did not find that Ms. Pabelo deliberately mislead or defrauded the Court. *See* Mem. Opin., ECF No. 38 at 5-9. Indeed, Ms. Canuto does not plead any facts regarding Ms. Pabelo's allegedly false representation beyond summarily reciting the elements of fraud and concluding that fraud was committed. *See* Pl.'s Suppl. Opp'n, ECF No. 55 at ¶ 15; *Tefera v. Onewest Bank, FSB*, 19 F. Supp. 3d 215, 223 (D.D.C. 2014) ("[The plaintiff's] single conclusory reference to fraud misses the mark for notice pleading under [Federal Rule of Civil Procedure] Rule 8, let alone the heightened pleading standard required for fraud claims under Rule 9(b)."). Moreover, such

allegations are missing from her complaint. *See generally* Second Am. Compl., ECF No. 42. Accordingly, the Court **GRANTS** Woodman-Sylvan's motion to dismiss for lack of personal jurisdiction.

## D. Federal Defendants' Motion to Dismiss

The federal defendants move to dismiss Ms. Canuto's claims on several grounds: (1) Ms. Canuto's allegations are "fundamentally unrealistic," such that they should be dismissed for lack of jurisdiction; (2) Ms. Canuto failed to administratively exhaust her tort claims; (3) Ms. Canuto's complaint names improper federal defendants; (4) the Court lacks subject matter jurisdiction over certain federal claims and/or Ms. Canuto failed to state certain federal claims; and (5) Ms. Canuto brought her claims in an improper venue. *See* Fed. Defs.' Mot., ECF No. 66. Because the Court agrees that Ms. Canuto failed to administratively exhaust her state law claims, that it lacks jurisdiction over certain federal claims, and that Ms. Canuto failed to state certain federal claims, the Court need not assess whether Ms. Canuto's claims are "fundamentally unrealistic," whether she named the proper defendant, or whether this District is the correct venue.

### 1. State Law Claims

Ms. Canuto sues the federal defendants in their "official capacit[ies]." Pl.'s Suppl. to Second Am. Compl., ECF No. 60 at

1. She alleges that the federal defendants repeatedly sexually assaulted her, injured her, stole her property, "tagged" her vehicle, and stalked her. *See* Second Am. Compl., ECF No. 42 at 7-12. She sues them for assault, battery, and infliction of emotional distress, among other possible common law claims. *See id.* at 16; *see also* Mem. Op., ECF No. 38 at 28. The federal defendants argue that these tort claims are subject to the Federal Torts Claims Act ("FTCA") and must be dismissed because Ms. Canuto failed to exhaust her administrative remedies. Fed. Defs.' Mot., ECF No. 66 at 10-11. The Court agrees.

Ms. Canuto seeks money damages from the federal defendants. *See* Second Am. Compl., ECF No. 42 at 16-18 (seeking twenty million dollars for each injury and each alleged rape, seeking eight-hundred million in putative damages). "Because plaintiff demands money damages from a federal government agency, [s]he must proceed under the Federal Tort Claims Act ("FTCA"), which operates as a waiver of the government's sovereign immunity for certain tort claims." *Edwards v. U.S. Park Police*, 251 F. Supp. 3d 109, 111 (D.D.C. 2017) (citing *Richards v. United States,* 369 U.S. 1, 6 (1962)).

"The FTCA provides that an action shall not be instituted upon a claim against the United States for money damages unless the claimant has first exhausted her administrative remedies." *McNeil v. United States*, 508 US. 106, 107 (1993). Indeed, "[a]

tort claim against the United States shall be forever barred unless ... action is begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); *see also Mittleman v. United States*, 104 F.3d 410, 413 (D.C. Cir. 1997)("A claim not so presented and filed is forever barred."). The record establishes that Ms. Canuto did not file an administrative FTCA claim. *See* Wells Decl., ECF No. 66-1 (U.S. Air Force has no record of FTCA claim); McConahy Decl., ECF No. 66-2 (U.S. Army has no record of FTCA claim); Russell Decl., ECF No. 66-3 (U.S. Navy has no record of FTCA claim); Sessa Decl., ECF No. 66-4 (Department of Homeland Security has no record of FTCA claim). Therefore, the Court lacks jurisdiction over Ms. Canuto's state law claims. *See Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997)(finding that the district court "lacked subject matter jurisdiction, or if not jurisdiction, the functional equivalent of it," because the plaintiff had not exhausted his administrative remedies).

Ms. Canuto does not address this argument, instead contending that the federal defendants lacked "acceptable identification" in the United States. *See* Pl.'s Opp'n (federal defendants), ECF No. 67 at 2-3; *see also* Pl.'s Surreply, ECF NO. 69. Her argument is non-responsive and irrelevant.

### 2. Federal Law Claims

Ms. Canuto also sues the federal defendants for violations of various federal laws including: (1) 42 U.S.C. § 1981, (2) 42 U.S.C. § 1983, (3) 18 U.S.C. § 242, and (4) the due process clause of the Fourteenth Amendment. Second Am. Compl., ECF No. 42 at 6. The federal defendants argue that these claims must be dismissed as the statutes do not provide a cause of action and because sovereign immunity bars Ms. Canuto's due process claim. Fed. Defs.' Mot., ECF No. 66 at 11–13. The Court agrees.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Starting with 42 U.S.C. § 1981, Ms. Canuto does not state a plausible claim. Under Section 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of *State* law." 42 U.S.C. § 1981(c)(emphasis added). Therefore, Section 1981 does not apply to actions taken under the color of *federal* law. *Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 726

(7th Cir. 2000)("[T]he alleged [42 U.S.C.] § 1981 violations for which [plaintiff] seeks redress all took place under color of federal law and are not actionable under [Section] 1981."). Ms. Canuto has sued federal officials in their official capacities for actions taken under the color of federal law. *See* Second Am. Compl., ECF No. 42. Her Section 1981 claim must therefore be dismissed.

This result is also required for Ms. Canuto's 42 U.S.C. § 1983 claim. "Section 1983 provides a private cause of action against any person who, under the color of *state* law, deprives another of a constitutional or statutory right." *Cohen v. Univ. of District of Columbia*, -- F.Supp.3d --, 2018 WL 1935627 at *9 (D.D.C. April 24, 2018)(emphasis added); *see also* 42 U.S.C. § 1983. Like Section 1981, Section 1983 does not "authorize suits challenging actions taken under color of *federal* law," or "waive the United States' sovereign immunity." *Dye v. United States*, 516 F. Supp. 2d 61, 71 (D.D.C. 2007)(emphasis added)(citations omitted). "Because section 1983 does not create a cause of action against a federal actor," courts must dismiss a plaintiff's Section 1983 claims against a federal agency. *Miango v. Dem. Rep. Congo*, 243 F. Supp. 3d 113, 134 (D.D.C. 2017). Indeed, Ms. Canuto has sued federal officials in their official capacities for actions taken under color of federal law. Her Section 1983 claim must be dismissed.

Third, Ms. Canuto lacks a cause of action under 18 U.S.C. §
242. This is a criminal statute, criminalizing certain activity
that deprives another of any Constitutional or federal right. 18
U.S.C. § 242. It does not confer a private right of action in a
civil case. *See Al-Hakim v. Obama*, 650 F. App'x 29 (D.C. Cir.
2016) (per curiam) ("[T]here is no private right of action under
[18 U.S.C.] § 242."). Her claim must be dismissed.

Finally, sovereign immunity bars Ms. Canuto's due process
claim.[7] Ms. Canuto sues the federal defendants in their
"official capacit[ies]." Pl.'s Suppl. to Second Am. Compl., ECF
No. 60 at 1. "Absent a specific waiver by the government,
sovereign immunity bars lawsuits for damages against the United
States, its agencies and government employees acting in their
official capacity." *Schwaner v. USCG Headquarters*, 588 F. Supp.
2d 49, 50-51 (D.D.C. 2008) (citing *FDIC v. Meyer,* 510 U.S. 471,
475 (1994)); *Clark v. Library of Congress,* 750 F.2d 89, 102- 03
(D.C. Cir. 1984)). The FTCA waives the United States' sovereign
immunity, but only as to certain common law torts. *See id.* at 51
(citing 28 U.S.C. §§ 1346(b)(1), 2679(b)). "[T]he United States
simply has not rendered itself liable under §1346(b) for

---

[7] Ms. Canuto brings her due process claim pursuant to the
Fourteenth Amendment. *See* Second Am. Compl., ECF No. 42 at 6.
Because the Fourteenth Amendment applies only to states and
not to the federal government, the Court will construe her
claim as a violation of the Fifth Amendment. *See Bolling v.
Sharpe,* 347 U.S. 497, 499-500 (1954).

constitutional tort claims." *FDIC,* 510 U.S. at 478. The Court therefore must dismiss Ms. Canuto's due process claims against the federal defendants in their official capacities.[8]

Ms. Canuto does not adequately respond to the federal defendants' arguments, instead she argues that she has "an absolute rights [sic] to bring tort claims . . . against federal defendants." Pl.'s Opp'n (federal defendants), ECF No. 67 at 4. As the Court has just explained, this is not the case.

Therefore, the Court **GRANTS** the federal defendants' motion to dismiss.

### III. Conclusion and Order

For the foregoing reasons, it is hereby **ORDERED** that: (1) Cirrus' motion to dismiss, ECF No. 43, is **GRANTED**; (2) Bank of

---

[8] Ms. Canuto clearly states that she is suing the defendants in their official capacities. *See* Pl.'s Suppl. to Second Am. Compl., ECF No. 60 at 1. However, even if Ms. Canuto had attempted to sue the federal defendants in their individual capacities, she fails to state a *Bivens* claim. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Not only has Ms. Canuto not served the individual defendants in their individual capacities, but she also has not alleged that each individual defendant was "personally involved" in the alleged Constitutional injury. *Simpkins*, 108 F.3d at 369. Indeed, Ms. Canuto has not alleged a due process injury at all. Her second amended complaint merely concludes that the federal defendants "violated . . . the due process clause and equal protection clause of the Constitution," without alleging any facts to support this claim. *See, e.g.,* Second Am. Compl., ECF No. 42 at 9. While the Court liberally construes Ms. Canuto's complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

America's motion to dismiss, ECF No. 44, is **GRANTED IN PART**—in that Ms. Canuto's claims against Bank of America are dismissed with prejudice—and **DENIED IN PART**—in that the Court declines to issue a prefiling injunction; (3) Woodman-Sylvan's motion to dismiss, ECF No. 49, is **GRANTED**; and (4) the federal defendants' motion to dismiss, ECF No. 66, is **GRANTED**. Because Ms. Canuto's second amended complaint is dismissed in full, the Court **DENIES** her motion to seek damages, ECF No. 45. This is a final, appealable Order.

     **SO ORDERED.**

**Signed:**   **Emmet G. Sullivan**
           **United States District Judge**
           **June 30, 2018**